# SETH GINSBERG
ATTORNEY AT LAW

July 18, 2012

Honorable Dora L. Irizarry
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *United States v. Scotto, et al.*, **11-cr-03 (DLI)**

Dear Judge Irizarry:

We oppose the proposed bail modification submitted by Pretrial Services on July 17, 2012.

The stated basis for Pretrial Services' requested modification is that since March 5, 2012, when the Court modified Mr. Scotto's bail to allow him, on notice to Pretrial Services, to leave his home to spend time with family members (the "March 5th Order"), it has "received numerous requests from the defendant that have moved beyond the scope of what [it] believe[s] to be Your Honor's intentions with respect to the March 5th order."

**First**, the March 5th Order was issued on consent of the parties. Moreover, a draft of counsel's letter, which the Court endorsed, was provided in advance to both Pretrial Services and the government with a request for comments. Thus, Pretrial Services fully considered the letter that was submitted before it was presented to the Court.

**Second**, the March 5th Order has been in effect for more than four months. Yet, despite now claiming that "[s]ince [the date of the order] Pretrial Services has received numerous requests . . . that have moved beyond the scope" of what it believes were the Court's intentions when it signed the order, Pretrial Services has inexplicably approved each of these numerous requests without objection and without notifying the Court or the government that it believed Mr. Scotto was circumventing the spirit of the Order. In our view, the fact that Pretrial Services has approved "numerous requests" over a four-month period without objection undercuts the claim that Mr. Scotto's requests were in fact problematic. Indeed, if a problem existed, one would assume that Pretrial Services would have brought it to the Court's attention much more expeditiously. Thus, the only reasonable conclusion appears to be that Mr. Scotto's requests were not viewed as problematic when made.

**Third**, Pretrial Services readily acknowledges that it has no information or any reason to believe that Mr. Scotto has violated any of the conditions of his bail as a result of these requests.

Indeed, Mr. Scotto has dutifully informed Pretrial Services of the dates, times, and locations that he wished to visit and—as verifiable by the GPS monitoring device that he wears—has not varied from his approved requests.

**Fourth**, we submit that the March 5th Order adequately provides the oversight that the government deemed necessary while simultaneously allowing Mr. Scotto to spend time with his family without burdening the Court with individual requests as had been the case prior to the issuance of the Order. Indeed, on occasion, Pretrial Services has indicated that it did not believe that it had the authority to grant a particular request and directed us to seek the approval of the Court. Such was the case on May 7, 2012, when—with the consent of the government and Pretrial Services—the March 5th Order was expanded to allow Mr. Scotto to sleep overnight at the homes of family members.

We submit that the May 7th expansion of the Order speaks volumes about the merits of Pretrial Services' current proposal: (a) it demonstrates that Pretrial Services has the ability to monitor Mr. Scotto's requests and to limit them when it believes it necessary; and (b) it demonstrates that two months after the Order was in effect, Pretrial Services not only had no problem with the operation of the Order but rather was comfortable enough to consent to an expansion of its terms. Yet two months later—without offering any evidence—it claims that the terms of the Order are overbroad and seeks a near complete revocation of its provisions.

**Fifth**, what Pretrial Services has requested, though labeled a modification, is more aptly described as a request to revoke the March 5th Order. In our view, Pretrial Services has not adequately articulated a basis for the drastic remedy that it has requested. As noted, the current order was issued on consent, there is no indication that Mr. Scotto has violated any condition of his bail, and Pretrial Services has approved the allegedly problematic "numerous requests" over a four-month period without raising any concern with the Court or the government.

* * *

In light of all of the above, we respectfully submit that the Court should deny Pretrial Services' request to modify the terms of Mr. Scotto's bail. As currently in effect, Mr. Scotto dutifully requests approval each time he wishes to spend time with family and does not leave his home without advance approval—as agreed by the parties and approved by the Court.

If, however, the Court is inclined to modify Mr. Scotto's bail conditions, we respectfully submit that the appropriate remedy is the removal of the condition of home confinement. Mr. Scotto has been on bail without incident for one year. In that time, with the consent of the government and Pretrial Services, the Court has consistently approved expansions of the freedoms afforded to Mr. Scotto—allowing him to work, visit family members, attend to personal grooming needs, and sleep overnight at the homes of family members. In each instance, Mr. Scotto has demonstrated his ability to adhere faithfully to the conditions that were imposed. In the words of Ignace Sanon-Jules, the supervisor of the Pretrial Services Electronic Monitoring Unit: "If he is going to be allowed to do all of these things, he doesn't need to be on home

Honorable Dora L. Irizarry
July 18, 2012
Page 3 of 3

confinement." We could not agree more. We note that the government and Pretrial Services would oppose such a modification.

Respectfully,

Seth Ginsberg

cc:  AUSA Whitman Knapp (via ECF)
     Pretrial Services (via email)