

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

WK
F.#2009R00195

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 23, 2011

**BY ECF & INTEROFFICE MAIL**

The Honorable Dora L. Irizarry
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

       Re:  United States v. William Scotto
            Criminal Docket No. 11-0003 (DLI)

Dear Judge Irizarry:

    The government submits this letter pursuant to the Court's July 19, 2012 Order (ECF Docket #191) directing the government to respond to (1) Pretrial Services' July 17, 2012 request (ECF Docket # 189) ("Pretrial Req.") to modify defendant William Scotto's conditions of release, and (2) Scotto's July 18, 2012 letter (ECF Docket # 190) ("Def. Opp.") (a) opposing the Pretrial Req., or, in the alternative, (b) requesting that the Court relax the defendant's bail terms by removing home confinement as a condition of his release.  For the reasons set forth below, the government supports the Pretrial Req. and opposes the defendant's request to lift his home confinement.

I.    Background

    On July 17, 2012, Pretrial Services ("Pretrial") submitted the Pretrial Req., asking that the Court modify the defendant's conditions of release to specify that the defendant "be permitted time out [from home confinement] for the following activities, all with the pre-approval from Pretrial Services: work, church, court appearances, attorney visits, medical visits, and other activities as approved by Pretrial Services." (Pretrial Req., p. 1).  Pretrial made this application because it had received "numerous requests that ha[d] moved beyond the scope of what [Pretrial] believe[d] to be Your Honor's intentions" in the March 5, 2012 Order issued by the Court (the "March 5

Order").[1]  (Id.)  These requests are listed in Exhibit A hereto.[2]

On July 18, 2012, the defendant submitted the Def. Opp. In it, he opposes any amendment to the March 5 Order on the grounds that: (1) the Order was issued upon consent of Pretrial and the government; (2) Pretrial has not objected to any of the defendant's numerous requests since the issuance of the order; (3) Pretrial has "acknowledge[d] that it has no information or any reason to believe that Mr. Scotto has violated any of the conditions of his bail as a result of these requests"; (4) the March 5 Order provides for appropriate oversight of the defendant; and (5) the modification proposed by Pretrial effectively revokes the March 5 Order.  (Def. Opp., pp. 1-2).  He further requests that, if there be any modification to the terms of his release, the Court not grant Pretrial's request, but instead remove home confinement as a condition of his release.  (Id. at 2-3).  In support of this position, the defendant argues that "he has demonstrated his ability to adhere faithfully" to his bail conditions, which have "allow[ed] him to work, visit family members, attend to personal grooming needs, and sleep overnight at the homes of family members."  (Id. at 2).

II.  The Government Supports Pretrial Services' Request

The government supports Pretrial Services' request. The defendant represents a danger to the community and a risk of flight for reasons set forth in the government's (1) January 20, 2011 memorandum in support of its motion for a permanent order of detention ("Detention Memo") (pp. 36-39), and (2) February 11, 2011 letter (pp. 2-5) in opposition to the defendant's motion for release on bail pending trial.[3]  The notifications that the

---

[1]   In its March 5 Order, the Court modified the defendant's conditions of release to permit him "'upon notice to Pretrial Services, to leave his home to spend time with family members'" (Pretrial Req., quoting the March 5 Order).

[2]   Upon receipt of the Pretrial Req., the government asked Pretrial to provide a list of the defendant's requests.  In response, Pretrial Services Officer Michael Ilaria prepared Ex. A, based upon his review of the notes of Pretrial Services officers and staff.  The government has redacted certain addresses contained in the document pursuant to its obligations under Rule 49.1 of the Federal Rules of Criminal Procedure.

[3]   For the Court's convenience, a relevant portion of the Detention Memo (ECF Docket No. 10) and the entire February 11, 2011 letter (ECF Docket No. 64) are attached hereto as Exs. B and

defendant has provided to Pretrial (see Ex. A) set forth a broader array of activities that the government believes appropriate in light of the serious nature of the crime to which the defendant has now pleaded guilty, his history and characteristics (including an assault, committed with others affiliated with the Gambino crime family, while released on bail), and the seriousness of the danger posed by the defendant. (See Exs. B and C; PSR ¶¶ 66, 101).

      The defendant cites the government's consent to his application for the March 5 Order as a reason not to modify the March 5 Order as Pretrial requests. (Def. Opp. at 1). When providing its consent, however, the government did not anticipate that the defendant would ask to engage in such a broad range of activities with members of his family.[4] Similarly, although the defendant argues against any modification to the March 5 Order on the ground that Pretrial approved the activities for which the defendant provided notification (id.), such past approval should neither prevent Pretrial from reviewing the defendant's activities, nor should it constrain the Court from modifying the terms of the defendant's conditions of bail as appropriate. As set forth above, the defendant argues that he has not violated any of the conditions of his bail as a result of the requests set forth in Ex. A (id. at 2-3), and that the terms of the March 5 Order provide sufficient oversight (id. at 3). Yet, there is no way to assess whether the defendant has complied with the conditions of his release while out of his home, in part because there is no way to monitor the defendant in the course of the activities set forth in his requests. Finally, the government disagrees with the defendant's assertion (id. at 3) that the modification proposed by Pretrial Services amounts to a revocation of the March 5 Order.

---

C, respectively.

    [4] These include going to: a nightclub (3/31); a school play (3/14); Bloomingdale Park for an hour and-a-half on week nights (starting 4/10); 4-5 hour dinners with his brother at Italianissimo, Grimaldi's and Tomasso's (4/23, 5/8, 5/17, 6/6, 6/12 and 7/10); lengthy shopping trips (6/2 and 6/17); a baseball game (6/20); and late nights out (3/13, 5/2, 5/12, 6/7, 6/27). (See Ex. A). Notably, the defendant's brother, Anthony, is an associate of the Gambino crime family, and Italianissimo is a restaurant that is "with" Gambino family capo Danny Marino, and at which Marino has held Christmas parties.

4

III. Conclusion

      The language of the March 5 Order permits the defendant to engage in a broader range of activity than the government believes to be appropriate given the factors highlighted above and set forth at length in Exs. B and C.  Accordingly, for the reasons set forth above, the government supports Pretrial's application to modify the March 5 Order, and opposes the defendant's request that the March 5 Order remain unchanged or, in the alternative, that the terms of his release be relaxed to remove home confinement as a condition.

                               Respectfully submitted,

                               LORETTA E. LYNCH
                               United States Attorney

                     By:        /s/
                               Whitman G.S. Knapp
                               Assistant U.S. Attorney
                               (718) 254-6107

c.c.: Seth Ginsberg, Esq. (attorney for William Scotto)
      Clerk of the Court (DLI)
      (By ECF)